IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-ct-3027-BO

| | |
|---|---|
| TIMOTHY LAMONT HAZEL,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE C. DISMUKES, et al.,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS SMITH, TRIPLETT, BROWN, AND SLEDGE'S MOTION TO DISMISS** |

**NOW COMES** Defendant, denominated by the Plaintiff as "Ms. J. Smith" ("Officer Smith"), "Mr. K. Brown" ("Officer Brown"), "Ms. Triplet" ("Officer Triplett"), and "Mr. Wendy Sledge, Sr." ("Officer Sledge") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to E.D.N.C. Local Civil Rule 7.1(e) and 7.2, who hereby submits this Memorandum of Law in Support of Defendant's Motion to Dismiss ("Motion"), and in support of their Motion states as follows:

## SUMMARY OF CASE

Plaintiff, Timothy Lamont Hazel OPUS No. 0175908 ("Plaintiff"), is a convicted felon and prisoner in the custody of the North Carolina Department of Adult Correction ("DAC") serving a sentence for one or more of his following convictions:

- **June 1, 2017**: (1) Habitual Felon (Principal); (2) Possession of Firearm by Felon (Principal); and (3) Carry Concealed Weapon (Principal).

- **October 20, 2011**: (1) Communicating Threats (Principal).
- **May 2, 2011**: (1) Assault and Battery (Principal).
- **February 11, 1998**: (1) Habitual Felon (Principal); and (2) Possession of Firearm by Felon (Principal).
- **April 12, 1994**: (1) Reckless Driving (Principal); and (2) Operate Vehicle W/O License (Principal).
- **July 28, 1993**: (1) Rec/Possess Stolen Vehicle (Principal); and (2) Possession of Firearm by Felon (Principal).
- **September 20, 1989**: (1) Larceny (Over $200) (Principal).
- **August 23, 1989**: (1) Felony B&E (Principal); and (2) Receiving Stolen Goods (Principal).
- **February 7, 1989**: (1) Larceny (Over $200) (Attempted); and (2) Larceny (Over $200) (Principal).
- **August 24, 1984**: (1) Felony B&E (Principal); and (2) Larceny (Over $200) (Principal).[1]

On February 3, 2026, Plaintiff commenced this action by filing a Pro Se Prisoner Complaint Form and Exhibit (the "Complaint"). [D.E. 1 – 1.1]. On June 3, 2026, the Honorable District Court Judge Terrence Boyle conducted a frivolity screening pursuant to 28 U.S.C. §1915A and entered an order ("Frivolity Order") permitting the following claims to proceed:

- Defendant Officer Smith: Denial of adequate access to a restroom based on allegations that Plaintiff was subject to pat and frisk search and urinated on the floor during the search ("Count I");
- Defendants Officer Brown, Triplett, and Lofton: Bystander Liability as it pertains to the alleged denial of adequate access to a restroom claim against Defendant Officer Smith ("Count II"); and

[1] See N.C. Dep't of Adult Corr., *Offender Public Information Search / Offender Locator*, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited Oct. 16, 2026) (OPUS No. 0175980); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").

- Defendant Officer Sledge: Due Process Violation under the Fourteenth Amendment based on Plaintiff's allegation that Defendant Sledge "refused to read [to Plaintiff] the statements against [Plaintiff]" ("Count III").

[D.E. 6 at 5].

On June 3, 2026, the Clerk of Court issued requests to each Defendant to waive service of summons (the "Waiver"). [D.E. 7]. On August 17, 2026, Waivers were filed on behalf of Defendants Officer Smith, Brown, and Triplett, thereby requiring Defendant to answer or otherwise file a responsive pleading on or before Friday, October16, 2026. [D.E. 11]. Additionally, on August 17, 2026, a notice under seal was filed on behalf of Defendant Officer Lofton, who is no longer employed by DAC. [D.E. 12]. Shortly thereafter, on August 20, 2026, the Clerk of Court issued a summons to Defendant Officer Lofton. [D.E. 14]. As of this filing, no evidence of service has been filed as to Defendant Officer Lofton.

Defendants now move to dismiss all of the remaining claims. This Motion to Dismiss is ripe for adjudication and that resolution of the Motion will promote judicial efficiency and conserve State resources.

## PLAINTIFF'S ALLEGATIONS

At the outset, it should be noted that the entirety of Plaintiff's alleged claims against Defendants stem from a May 29, 2025 Incident and the related Disciplinary Proceeding.

Plaintiff's Complaint alleges, in relevant part that:

On May 29, 2025, Plaintiff was in the custody of the Department of Adult Correction being housed at Neuse Correctional Institution ("Neuse CI"). [D.E. 1 at 9]. While Plaintiff was outside of the Charlie Dorm, Plaintiff was subject to a pat-and-frisk by Defendant Officer Brown. *Id*. After entering the Charlie Dorm, Plaintiff was subject to a pat-and-frisk by Defendant Officer Smith. *Id*. Plaintiff alleges that, at the time of Defendant Officer Smith's pat-and-frisk, he needed to urinate and Plaintiff clenched his genitals to prevent him from urinating. *Id*. While Defendant Officer Smith conducted the pat and frisk, Plaintiff alleges that he began to urinate on the floor (the "Incident"). *Id*. Plaintiff was charged with an A25 Infraction for Indecent Exposure and a C13 Infraction for Causing a Disturbance. [D.E. 1 at 11].

While Plaintiff's Exhibit to the Complaint provides written statements from Defendants Officer Smith and a description of the objective video footage, Plaintiff alleges that Defendant Officer Sledge "refused to read [to Plaintiff] the statements against [Plaintiff]." [D.E. 1 at 10; D.E. 1-1 at 8].

Based on the foregoing allegations, Plaintiff contends that the Defendants have violated his constitutional rights. Plaintiff further contends he is entitled to an unspecified amount of monetary damages and either the removal of Defendant Officer Smith or that Plaintiff no longer be in contact with Defendant Officer Smith. [D.E. 1 at 12] (Plaintiff request is unclear).

## STANDARD OF REVIEW

### I. PLRA SCREENING – 28 U.S.C. § 1915A

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, requires district courts to screen prisoner complaints § 1915A(a)–(b). This screening is conducted *sua sponte*, ordinarily before defendants appear and without the benefit of adversarial briefing. Although the failure to state a claim standard applied during § 1915A screening is similar to the Rule 12(b)(6) standard, survival of PLRA screening does not preclude a defendant from later challenging the sufficiency of the complaint through a motion to dismiss. See *Jones v. Sternheimer*, 387 F. App'x 366, 369 (4th Cir. 2010).

### II. MOTION TO DISMISS – FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A claim has facial plausibility when the pleaded facts permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Where the allegations are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility" and fails to state a claim. Id.

(internal quotation marks omitted); see also *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

In assessing plausibility, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court does not, however, accept "legal conclusions, elements of a cause of action, ... bare assertions devoid of factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Id*. (citations omitted). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, his pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not relieve Plaintiff of the obligation to plead sufficient facts to state a plausible claim. The Court is not required to "discern the unexpressed intent of the plaintiff," *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013), or "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978). Nor must the Court "conjure up questions never squarely presented" or "construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, although the Court may recognize a legal theory reasonably suggested by the facts pleaded, liberal construction does not permit the Court to supply missing factual allegations necessary to make that theory plausible.

In resolving a Rule 12(b)(6) motion, the Court may also consider documents incorporated into the Complaint by reference and matters of which judicial notice may properly be taken. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Dismissal is also appropriate where "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citation omitted).

## ARGUMENT

Plaintiff purports to proceed against Defendants in both their official and individual capacities. [D.E. 1 at 5, 7-8]. To the extent Plaintiff has been permitted to proceed against Defendants in their official capacities, such claims are barred or otherwise fail under § 1983. Likewise, Plaintiff fails to plausibly allege a constitutional violation sufficient to impose individual liability upon the remaining Defendants.

### I. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY UNDER § 1983 FAIL AS A MATTER OF LAW.

To the extent Plaintiff's claims against Defendants in their official capacities were not dismissed by virtue of the Frivolity Order, such claims fail as a matter of law.

A suit against a State employee in his official capacity is a suit against the State because "[t]he real party in interest is the government entity, not the named official." *Galette v. New Jersey Transit Corp.*, 607 U.S. 509, 527 (2026) (quoting *Lewis v. Clarke*, 581 U.S. 155, 162 (2017)); *Estate of Long by & through Long v. Fowler*, 378 N.C. 138, 143, 2021-NCSC-81, ¶ 13 ("[A] suit against a State employee in that employee's official capacity is a suit

against the State.").

"Sovereign immunity is a common law doctrine which 'bars suits against the State unless it has consented or waived its immunity.'" *Brady v. Charlotte-Mecklenburg Bd. of Educ.*, 299 N.C. App. 560, 567 (2025) (internal quotations omitted) (citing *Estate of Graham v. Lambert*, 385 N.C. 644, 651 (2024)). The Eleventh Amendment, derived from sovereign immunity, generally "precludes citizens from bringing suits in federal court against their own states," including actions "against state officials that are in fact actions against the state as the real party in interest." *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025). Congress did not abrogate that sovereign immunity in enacting 42 U.S.C. § 1983. *Virginia Office for Protection & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (recognizing that, in enacting § 1983, Congress did not displace established common law immunities, including sovereign immunity).

Independent of sovereign immunity, Plaintiff's official capacity claims for damages also fail under the text of § 1983. The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Timpson ex rel. Timpson v. Anderson County Disabilities & Special Needs Board*, 31 F.4th 238, 258 (4th Cir. 2022) (quoting *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)).

Here, in Section IV of the Complaint directs Plaintiff to indicate whether each Defendant is sued in an individual capacity, an official capacity, or both. *See generally*,

[D.E. 1 at 3-8]. As to each of the remaining Defendant, Plaintiff has selected both individual and official capacities. [D.E. 1 at 5, 7-8]. However, the Frivolity Order does not appear to limit Plaintiff's claims to individual capacity claims. *See generally*, [D.E. 6]. Accordingly, to the extent Plaintiff has been permitted to proceed against Defendants in their official capacities, such claims are, in all respects other than name, claims against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Therefore, Plaintiff's official capacity claims are barred by the State's sovereign immunity and the Eleventh Amendment and should be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

### A. PLAINTIFF FAILS TO PLAUSIBLY PLEAD A VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT OFFICER SMITH.

Plaintiff has been permitted to proceed against Defendant Officer Smith on a claim for inadequate or denied access to a restroom. Under the Fourth Circuit's recent decision in *Mason v. Talley*, however, Plaintiff fails to plausibly allege a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Because Plaintiff's allegations are insufficient as a matter of law under controlling Fourth Circuit precedent, Plaintiff's claim should be dismissed with prejudice.

The Fourth Circuit has recently reaffirmed that conditions-of-confinement claims brought by convicted prisoners, including claims alleging inadequate or denied access to restroom facilities, are governed by the Eighth Amendment's prohibition against Cruel and Unusual Punishment. *Mason v. Talley*, No. 23-7201, 2026 WL 2904468, at *6 (4th Cir.

Sept. 28, 2026). "To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' and (2) that the prison official acted with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted). The first requirement is commonly referred to as the Objective Component, while the second is commonly referred to as the Subjective Component.

In analyzing the Objective Component, the Fourth Circuit has effectively foreclosed Plaintiff's theory that a temporary denial of restroom access, even where it results in an inmate urinating on himself, is sufficient by itself to establish an Eighth Amendment violation. *Mason*, 2026 WL 2904468, at *9 ("While being left to urinate on oneself a single time is humiliating, it is not a serious physical or emotional injury" sufficient to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim); see *Baker v. Clarke*, No. 7:20-cv-204, 2020 WL 3422198, at *2 (W.D. Va. June 22, 2020) (collecting cases finding no Eighth Amendment violation where denial of bathroom access caused an inmate to urinate on himself).

Here, Plaintiff alleges only that a pat-and-frisk, a security measure, temporarily prevented him from accessing the restroom. Plaintiff does not allege that he was denied restroom access for any extended period of time. By contrast, in *Mason*, the Fourth Circuit held that an inmate failed to satisfy the Objective Component even where he was denied restroom access for approximately four and one-half (4.5) hours and ultimately urinated

on himself. *Mason*, 2026 WL 2904468, at *9–10.

Accordingly, Plaintiff's allegation Defendant Officer Smith's pat-and-frisk, a security measure, temporarily delayed his access to the restroom does not plausibly allege an objectively serious deprivation sufficient to constitute Cruel and Unusual punishment under the Eighth Amendment. Therefore, Plaintiff's Eighth Amendment claim against Defendant Officer Smith should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. PLAINTIFF FAILS TO PLAUSIBLY PLEAD CLAIMS AGAINST DEFENDANT OFFICERS BROWN, TRIPLETT, AND LOFTON UNDER BYSTANDER LIABILITY.

Plaintiff has been permitted to proceed against Defendants Officers Brown, Triplett, and Lofton (collectively, the "Bystander Defendants") under a theory of Bystander Liability. An officer may be held liable under Bystander Liability only where: (1) "the officer knows that a fellow officer is violating an individual's rights;" (2) "has a reasonable opportunity to prevent the violation;" and (3) "chooses not to intervene." *Quinn v. Zerkle*, 111 F.4th 281, 295 (4th Cir. 2024).

Here, Plaintiff's Bystander Liability claim fails for two independent reasons. First, if the Court dismisses Plaintiff's underlying Eighth Amendment claim against Defendant Officer Smith, there is no constitutional violation upon which Bystander Liability can be predicated. Second, Plaintiff cannot plausibly establish the required knowledge element. *Id*. (emphasizing that the officer must "know that a fellow officer is violating" an

individuals constitutional right). In *Mason v. Talley*, the Fourth Circuit held that substantially more egregious conduct, including denying an inmate restroom access for approximately four and one-half hours (4.5) until he urinated on himself, did not constitute an Eighth Amendment violation. *Mason v. Talley*, No. 23-7201, 2026 WL 2904468, at *9–10 (4th Cir. Sept. 28, 2026). The Fourth Circuit further emphasized the *absence of precedent* clearly establishing that comparable restrictions on restroom access violate the Eighth Amendment. *Id.* at *11.

Naturally, it follows that Bystander Defendants could not have known that Defendant Officer Smith was violating Plaintiff's constitutional rights by temporarily delaying Plaintiff's restroom access during a pat-and-frisk when similar, and substantially more egregious conduct has not been held unconstitutional. *See id*. Therefore, Plaintiff's Bystander Liability claim against Defendants Brown, Triplett, and Lofton should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### C. PLAINTIFF FAILS TO PLAUSIBLY PLEAD CLAIMS AGAINST DEFENDANT OFFICER SLEDGE FOR A DUE PROCESS VIOLATION

Plaintiff has been permitted to proceed against Defendants Officer Sledge for a Due Process violation under the Fourteenth Amendment based on Plaintiff's allegation that Defendant Sledge "refused to read [to Plaintiff] the statements against [Plaintiff]." However, Plaintiff fails to plausibly allege either the deprivation of a protected liberty interest or that he was denied the process to which a prisoner is entitled upon the

deprivation of a recognized liberty interest.

Unlike in the case of pretrial detainees, "'[p]rison disciplinary proceedings are not part of a criminal prosecution.'" *Tyler v. Hooks*, 945 F.3d 159, 168 (4th Cir. 2019). "'[A] prisoner's conviction and subsequent incarceration deprive him of all but 'the most basic liberty interests.'" *Williamson v. Stirling*, 912 F.3d 154, 183 (4th Cir. 2018). Consequently, "'the full panoply of rights due a defendant in such proceedings does not apply." *Id*.

Accordingly, in order for a prisoner to establish a claim for a due process violation under the Fourteenth Amendment, a plaintiff must show that (1) he possessed an actual liberty interest, and (2) he was deprived of that interest without being afforded sufficient process. *See Wolff v. McDonnell*, 418 U.S. 539, 556-7 (1974).

**i. PLAINTIFF WAS NOT DEPRIVED OF A PROTECTED LIBERTY INTEREST**

In order to show a proper "liberty interest," Plaintiff must show that there is an interest that arises from the Constitution itself, or may also show that the interest arises from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209 (2005). The Fourteenth Amendment protects persons against deprivations of life, liberty or property. *Id*. at 221. In the context of a convicted prisoner, a protectable state-created liberty interest is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S.

472, 282 (1995).

Here, the Complaint is categorically devoid of any allegations which would establish that, as a result of Plaintiff's Disciplinary Conviction, Plaintiff was deprived of any recognized, protected property interest. Therefore, Plaintiff fails to plausible plead the deprivation of any recognized, protected liberty interest.

### i. PLAINTIFF WAS NOT DEPRIVED PROCESS

Even if Plaintiff had been deprived of the protected liberty interest, at best, Plaintiff is entitled to process that includes: "(1) written notice of the charge; (2) a hearing at which he or she has the qualified right to 'call witnesses and present documentary evidence unless doing so would present an undue hazard'; and (3) a written statement detailing the evidentiary basis and reasons for the disciplinary action." *Tyler v. Hooks*, 945 F.3d 159, 168 (4th Cir. 2019) (quoting *Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016)).

Here, Plaintiff alleges that Defendant Sledge "refused to read [to Plaintiff] the statements against [Plaintiff]." [D.E. 1 at 10]. However, this allegation fails to establish that Plaintiff did not receive proper process. *See Tyler*, 945 F.3d at 168. Specifically, Plaintiff does not allege that he was not provided a written statement detailing the evidence and reasons for the disciplinary action, only that the hearing officer did not read the written statements from by witnesses. Therefore, Plaintiff fails to plausible plead that he was deprived of any process to which he may have been entitled.

## II. ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Alternatively, Defendants are entitled to qualified immunity in their individual capacities. "Qualified immunity protects 'government officials performing discretionary functions . . . from liability'" unless "'(1) [the official] violated a federal statutory or constitutional right, and (2) the unlawfulness of [the official's] conduct was clearly established at the time.'" *Mook v. Hall*, 185 F.4th 456, 462 (4th Cir. 2026) (cleaned up). Qualified immunity affords government officials "breathing room to make reasonable but mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Spencer v. Glaser*, 185 F.4th 95, 102–03 (4th Cir. 2026) (cleaned up) (quoting *Rambert v. City of Greenville*, 107 F.4th 388, 398 (4th Cir. 2024)). Importantly, qualified immunity "is an immunity from suit rather than a mere defense to liability" and "is effectively lost if a case is erroneously permitted to go to trial." *Mook*, 185 F.4th at 461 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

A court may address either prong first and may resolve qualified immunity solely on the ground that the asserted right was not clearly established. *Mook*, 185 F.4th at 462.

### A. FIRST PRONG – NO CONSTITUTIONAL VIOLATION OCCURED

Here, Plaintiff cannot satisfy the first prong. As explained *supra*, Plaintiff's allegation Defendant Officer Smith's pat-and-frisk, a security measure, temporarily delayed his access to the restroom does not plausibly allege an objectively serious deprivation sufficient to constitute Cruel and Unusual punishment under the Eighth

Amendment. Furthermore, as to Bystander Defendants, Plaintiff cannot plausibly establish the required knowledge element. *Id*. (emphasizing that the officer must "know that a fellow officer is violating" an individuals constitutional right). The Fourth Circuit held that substantially more egregious conduct did not constitute an Eighth Amendment violation. *Mason v. Talley*, No. 23-7201, 2026 WL 2904468, at *9–10 (4th Cir. Sept. 28, 2026).

As to Defendant Officer Sledge, Plaintiff fails to plausibly allege either the deprivation of a recognized, protected liberty interest sufficient to trigger due process protections or the denial of any process to which he would have been entitled had such a liberty interest been implicated. *See Tyler*, 945 F.3d at 168. Because Plaintiff fails to plausibly allege an underlying constitutional violation as to any Defendant, Defendants are entitled to qualified immunity on that basis alone. *Spencer v. Glaser*, 185 F.4th 95, 103 (4th Cir. 2026).

### B. SECOND PRONG – ALTNERNATIVELY, THE ALLEGED VIOLATION WAS NOT CLEARLY ESTABLISHED.

Alternatively, even assuming *arguendo* that Defendants' conduct could constitute a constitutional violation, Plaintiff cannot demonstrate that Defendants violated a clearly established constitutional right.

For a right to be clearly established, existing law must make the unlawfulness of the official's particular conduct sufficiently clear that every reasonable official would understand that the conduct was unlawful, i.e., existing law must place the constitutional question "beyond debate." *Zorn v. Linton*, 607 U.S. 568, 572 (2026). The Supreme Court

recently emphasized that this inquiry must be conducted at a "high degree of specificity." *Id*. Courts generally must identify precedent in which an official acting under similar circumstances was held to have violated the Constitution. *Id*. General propositions, such as the general prohibition against unreasonable or excessive force, are insufficient by themselves to clearly establish that particular conduct is unlawful. *Id.* Accordingly, qualified immunity applies unless the relevant precedent would have enabled the official to know that precedent prohibited the specific conduct at issue. *Id.*

In *Mason v. Talley*, the Fourth Circuit held that substantially more egregious conduct, including denying an inmate restroom access for approximately four and one-half hours (4.5) until he urinated on himself, did not constitute an Eighth Amendment violation. *Mason v. Talley*, No. 23-7201, 2026 WL 2904468, at *9–10 (4th Cir. Sept. 28, 2026). The Fourth Circuit further emphasized the *absence of precedent* clearly establishing that comparable restrictions on restroom access violate the Eighth Amendment. *Id.* at *11.

Neither the Eighth Amendment's general prohibition against Cruel and Unusual punishment nor existing precedent concerning restroom access clearly establishes that temporarily delaying Plaintiff's restroom access while conducting a pat-and-frisk, a security measure, was unconstitutional under the particular circumstances confronting Defendants. *Mason v. Talley*, No. 23-7201, 2026 WL 2904468, at *9–10 (4th Cir. Sept. 28, 2026) (noting the lack of any precedence constituting clearly established law); *see also* *White v. Pauly*, 580 U.S. 73, 79–80 (2017) (per curiam) (explaining that general principles

do not, outside an "obvious case," clearly establish the unlawfulness of particular conduct and faulting the lower court for failing to identify precedent involving an officer acting under similar circumstances). Likewise, neither the Fourteenth Amendment general due process requirements nor existing precedent concerning disciplinary actions against convicted prisoners clearly establishes that a refusal to read a prisoner the statements made by witnesses against said prisoner as part of a disciplinary process amounts to a constitutional violation. *See See Tyler*, 945 F.3d at 168; *see also Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016); *Wolff*, 418 U.S. at 557–58. Nor is this an "obvious case" in which the unlawfulness of Defendants' conduct was so apparent that every reasonable correctional officer would have understood that the conduct violated the Eighth and/or Fourteenth Amendment, respectively. *Id*.

Accordingly, even if the Court concludes that Plaintiff has plausibly alleged a constitutional violation against Defendant Officer Smith and Bystander Defendants, Defendants are entitled to qualified immunity from Plaintiff's individual capacity claims.

## III. UNREPRESENTED DEFENDANT OFFICER LOFTON

As discussed *supra*, Plaintiff has been permitted to proceed against Defendant Officer Lofton under a theory of bystander liability. As of this filing, no proof of service has been filed as to Officer Lofton, and Undersigned Counsel does not represent her.

Nevertheless, where a defense establishing that a plaintiff has no viable cause of action applies equally to another defendant, the Court may apply that reasoning *sua*

*sponte*. *See AdvanFort Co. v. Zamil Offshore Servs. Co.*, 134 F.4th 760, 768–69 (4th Cir. 2025) (recognizing that a defense establishing no cause of action generally inures to the benefit of a similarly situated defendant). Accordingly, to the extent the Court concludes that Plaintiff fails to state an underlying claim against Officer Smith or fails to state a bystander-liability claim against the appearing Bystander Defendants, the same reasoning applies equally to Plaintiff's claim against Officer Lofton.

Accordingly, the Court should apply its rulings consistently to Officer Lofton, dismiss any official capacity claims against her, dismiss Plaintiff's Bystander Liability claim against her for failure to state a claim, and/or, alternatively, conclude that Officer Lofton is entitled to qualified immunity from Plaintiff's individual capacity claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

This the 16th day of October 2026.

JEFF JACKSON
Attorney General

/s/ Robert J. Lane
Robert J. Lane (N.C.S.B. No. 53767)
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: 919-716-6622
Facsimile: 919-716-6761
rlane@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **Memorandum in Support of Defendants Smith, Triplett, Brown, and Sledge's Motion to Dismiss** with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

**Timothy Lamont Hazel**
0175908
Maury Correctional Institution
P.O. Box 506
Maury, NC 28554
*Pro Se Plaintiff*

This the 16th day of October 2026.

/s/ Robert J. Lane
Robert J. Lane (N.C.S.B. No. 53767)
Assistant Attorney General